UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KEITH MCCOY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:14-CV-355-PPS |
| | ) | |
| NIECEY GORE, MR. ATTHENTON, | ) | |
| Y. HOGAN, MS. PIERSON, and | ) | |
| JOSE MENCHACA | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case has had a long and complex history. To sum it up, *pro se* Plaintiff Keith McCoy brought this action against several employees of Lake County Jail regarding McCoy's treatment while held as a pretrial detainee. In McCoy's own words, McCoy is a gay man who identifies as a woman, DE 1 at 5, and has used feminine pronouns to refer to herself in her filings. As such, I also have used feminine pronouns to refer to her in the past and continue to do so today. After a very long process of repeated amendments to the complaint, we are left with two claims against five defendants. The first claim relates to the supposed misclassification of McCoy when she originally was brought into the Lake County Jail. McCoy was assigned to the administrative segregation on the medical floor rather than general population by Defendants Niecey Gore and Jose Menchaca, and it is this classification that McCoy says was unnecessary and punitive. The second claim arises from an incident

involving a fight between McCoy and another inmate during which McCoy alleges she was stabbed several times and Defendants Michael Atherton, Curtis Pearson, and Yvonne Hogan-Foster ("Hogan") were deliberately indifferent to her need for medical attention. All five defendants and McCoy moved for summary judgment on all claims. Based on the evidence presented to me by the Defendants on summary judgment, and the lack of evidence presented to me by McCoy, there appears to be no genuine issue of material fact in this matter. Because the classification of McCoy was not done in a punitive way and because there is no evidence that the Defendants ignored McCoy's injuries after the fight, summary judgment will be granted.

## Background

This case arises out of McCoy's pre-trial detention at Lake County Jail during the period of September 2012 to October 2012. McCoy was incarcerated, booked into the Lake County Jail, and classified as a pretrial detainee on September 20, 2012. [DE 126-1 at 2.] Defendant Jose Menchaca personally classified McCoy and placed her in administrative segregation on the medical floor of the jail purportedly to protect her from other inmates preying on her and from her potentially preying on other inmates due to McCoy's sexual orientation. [*Id.*] McCoy has presented no evidence to the contrary and asserts only that she was "cleared" by medical staff because she is not transgender and was initially placed and assigned to general population and then approximately an hour or two later reclassified to administrative segregation on the medical floor. [DE 130 at 1.] McCoy presents no evidence that the reclassification was

2

punitive in nature or for a reason other than McCoy's protection and the protection of the other inmates, as Menchaca asserts.

On October 25, 2012, McCoy was involved in a fight with another inmate at the Lake County Jail. [DE 128-1.] Defendant Atherton was one of the officers who responded to the fight and completed a Jail Log for the incident. [DE 127-2 at 3.] According to the log, when Atherton entered the room in which the inmates were fighting, McCoy had blood on her clothes and the other inmate had a cut over his left eye that was bleeding. [*Id.*] There was a broken broomstick on the floor that was dropped by both inmates. McCoy was examined and found to have no visible injuries to her person and the blood on her uniform was from the other inmate's cut. [*Id.*]

After the incident, the officers reviewed security camera footage of the fight and noted that McCoy threw the first punch and the other inmate returned several punches. [*Id.* at 3-4.] The other inmate then grabbed a broomstick and threw it at McCoy, who picked it up and struck the other inmate in the face causing the cut above his left eye. [*Id.* at 4.] The other inmate then grabbed a broken piece of the broomstick and attempted to strike McCoy, but was subdued by McCoy. [*Id.*]

McCoy claims that she actually was stabbed in the leg several times during the fight and was treated by medical staff, who gave her a shot, cleaned her wound, and applied bandaids. [DE 130 at 2-3.] McCoy cites to exhibits in support of this, but nothing was attached to her motion for summary judgment. Notably, McCoy's

3

argument contradicts her allegations in her complaint that she did not receive any treatment for a day or two. [DE 13 at 67-72.]

## Discussion

All five Defendants moved for summary judgment and McCoy also moved for summary judgment. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A nonmoving party is not entitled to the benefit of "inferences that are supported by only speculation or conjecture." *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (citations and quotations omitted).

I will first quickly address McCoy's response to the Defendants' motions for summary judgment, raising only the issue of their timeliness. [DE 133.] All dispositive motions were to be filed no later than September 5, 2017. [DE 118.] All five Defendants filed their motions for summary judgment on that date. As such, they are timely.

The first three Defendants' motions for summary judgment are pretty straightforward and require little discussion. Based on the evidence that has been submitted, there is simply nothing to show that these Defendants were at all involved in either incident at issue in this case. Let's start with Defendant Pearson's motion for

4

summary judgment. [DE 124.] According to Pearson's affidavit filed with his motion for summary judgment, his employment as a Correctional Officer at the Lake County Jail did not begin until 2014. [DE 124-2.] As such, he could not have been involved in either incident upon which this action is based. McCoy does not contest this fact or present any evidence to the contrary. As such, there is no genuine dispute about a material fact regarding the claim against Pearson and his motion for summary judgment is granted.

As for Defendant Hogan-Foster's motion for summary judgment, [DE 125], it is supported by her own affidavit which states that her employment with the Lake County Sheriff's Department, Court Security, began March 1, 1999. [DE 125-2.] Hogan-Foster states that she has no personal knowledge of Keith McCoy, and that, critically, she had no contact with her from September 20, 2012 until December 3, 2012. [*Id.*] McCoy does not contest this fact or present any evidence to the contrary. As such, there is no genuine dispute about a material fact regarding the claim against Hogan-Foster and her motion for summary judgment is granted.

Next I turn to Defendant Niecey Gore's motion for summary judgment. [DE 127.] Gore currently is Assistant Warden for the Lake County Sheriff's Department. [DE 127-2 at 1.] Gore states that she was not personally involved or present at the time Keith McCoy was incarcerated, booked into the Lake County Jail, and classified as a pretrial detainee. [*Id.*] McCoy does not contest this fact or present any evidence to the

5

contrary. As such, there is no genuine dispute about a material fact regarding the claim against Gore, and therefore her motion for summary judgment is granted.

Let's move now to Defendant Jose Menchaca's motion for summary judgment. [DE 126.] McCoy alleges that she was punitively misclassified when she was placed in administrative segregation on the medical floor. It's true that Menchaca is the one who made the classification of McCoy. [DE 126-2 at 1.] But Menchaca states that "McCoy was placed in administrative segregation on the medical floor of the jail, to protect him from other inmates preying on him and from him potentially preying on other inmates due to McCoy's sexual orientation." [*Id.*] Menchaca reiterates that "McCoy's classification was not punitive, instead it was primarily to protect him." [*Id.*] In her motion for summary judgment on the issue, McCoy asserts only that Menchaca placed McCoy in administrative segregation on the medical floor despite the fact that her medical and mental health evaluator had determined that it was unnecessary and the medical staff refused to move her despite her complaints. [DE 130 at 1-2.] These facts do not appear to be disputed. But in order to be successful on her claim against Menchaca, or at least survive summary judgment, McCoy needs to present evidence that the motivation for her classification was *punitive*.

During the relevant time period, McCoy was a pretrial detainee at Lake County Jail. "Incarcerated persons are entitled to confinement under humane conditions which provide for their basic human needs. . . . [For] a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription

against cruel and unusual punishment which is the source of this right. However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners." *Rice v. Corr. Med. Servs. (In re Estate of Rice)*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). To prove a violation of the Eighth Amendment in a case like this one, McCoy would have to show that Menchaca was deliberately indifferent to her health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).

While there are circumstances in which punitive misclassification to medical segregation *could* qualify as a due process violation, there is no evidence of that in this case. *See Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) ("[N]o process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons. . . . [Including] if he was placed in segregation to protect himself from other prisoners, or to protect jail staff from his violent propensities."); *De Jesus v. Odom*, 578 Fed. App'x 598, 600 (7th Cir. 2014) ("Restrictions like segregation are not punishment when imposed because of a legitimate governmental objective."). Here, the undisputed evidence, which includes an affidavit from Menchaca, shows that managerial reasons, specifically safety concerns, motivated McCoy's placement in administrative segregation on the medical floor. "Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Menchaca's reasons for reclassifying McCoy to

7

administrative segregation on the medical floor were administrative and for the purposes of protecting both McCoy and the other inmates and, therefore, were not punitive and thus do not violate due process. For these reasons, Menchaca's motion for summary judgment is granted.

Finally, I turn to defendant Michael Atherton's motion for summary judgment. [DE 128.] McCoy alleges that she was stabbed multiple times in the leg with a broken broom handle during an altercation with another prisoner and that she was not taken for medical care until a day or two later in violation of her rights under the Eighth Amendment. [DE 13 at 59-64.] Defendant Atherton was one of the officers who responded to the altercation. Pursuant to the Eighth Amendment, "failure to treat a significant painful medical condition, with deliberate indifference to the prisoner's situation, is a form of inaction that offends the Constitution." *Turley v. Rednour*, 729 F.3d 645, 654 (7th Cir. 2013) (Easterbrook, C.J., concurring) (*citing Estelle v. Gamble*, 429 U.S. 97 (1976)). This same standard applies both to convicted individuals under the Eighth Amendment and to pre-trial detainees under the Due Process Clause of the Fourteenth Amendment. *Palmer v. Marion Cnty.*, 327 F.3d 588, 593 (7th Cir. 2003). To succeed on her claim, McCoy must prove that she "suffer[ed] from an objectively serious medical condition," meaning "the need for treatment would be obvious to a layperson," and that the Defendants "knew about [McCoy's] condition and the risk it posed, but disregarded that risk." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citations omitted).

Defendant Atherton attached to his motion for summary judgment a copy of the Lake County Sheriff's Office Jail Log documenting the fight that occurred between McCoy and another inmate. [DE 128-2.] As I discussed above, the log notes that McCoy was examined after the incident and found to have no visible injuries to her person and the blood on her uniform was from the other inmate's cut. McCoy offers no admissible evidence contradicting this account of the incident, requiring I grant Atherton's motion for summary judgment because there is no evidence that Atherton did anything to violate McCoy's constitutional rights. I will note, however, that McCoy asserts a different version of the facts in her motion for summary judgment—one that independently defeats her claim. McCoy asserts that she was stabbed during the fight and medical records show that she was treated after the fight and received a shot, had her wounds cleaned, and bandages were applied. [DE 130.] So even in McCoy's own account of the incident was in the form of an admissible affidavit, it would defeat her own claim because it indicates that McCoy was immediately treated and her constitutional rights, therefore, were not violated. So according to *either* version of the facts, McCoy cannot prevail. As such, Atherton's motion for summary judgment is granted.

As I have discussed throughout, McCoy has presented no evidence to create a genuine dispute about a material fact in order to survive the Defendants' motions for summary judgment. All of the evidence submitted by all of the Parties through their summary judgment filings support the grant of the Defendants' motions for summary

9

judgment and the denial of McCoy's motion for summary judgment. Finally, McCoy filed what she refers to as a "Perjury Motion" against Defendant Niecey Gore. [DE 132.] In this motion, McCoy repeats the contents of the Affidavit of Niecey Gore, copies of which were filed in support of Niecey Gore and Michael Atherton's respective motions for summary judgment, but does not designate *any* evidence to support her assertion that Defendant Gore perjured herself. [DE 127-2, 128-2.] As such, McCoy's Perjury Motion, DE 132, is denied.

## Conclusion

For the aforementioned reasons, the Court:

- **GRANTS** Defendant Curtis Pearson's Motion for Summary Judgment, DE 124;

- **GRANTS** Defendant Yvonne Hogan-Foster's Motion for Summary Judgment, DE 125;

- **GRANTS** Defendant Jose Menchaca's Motion for Summary Judgment, DE 126;

- **GRANTS** Defendant Niecey Gore's Motion for Summary Judgment, DE 127;

- **GRANTS** Defendant Michael Atherton's Motion for Summary Judgment, DE 128;

- **DENIES** Plaintiff Keith McCoy's Motion for Summary Judgment 130; and

- **DENIES** Plaintiff Keith McCoy's Perjury Motion Against Defendant Niecey Gore, DE 132.

The Clerk shall **ENTER FINAL JUDGMENT** in favor of the Defendants and against the Plaintiff.

**SO ORDERED.**

ENTERED: December 14, 2017.

    _s/ Philip P. Simon_____
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**